## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| DON LEE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> ACTIVE POWER, INC., STEVEN R. FIFE, DOUG MILNER, <br><br> Defendants. | **Civil Action No.:** 1:13-cv-00797-SS <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BAHADIR ONALAN TO APPOINT LEAD PLAINTIFF AND COUNSEL** <br><br> **CLASS ACTION** |

Plaintiff Bahadir Onalan ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)     Appointing Bahadir Onalan as Lead Plaintiff for the class of all purchasers of the common stock of Active Power, Inc. ("Active Power" or the "Company") during the period from April 30, 2013 through September 5, 2013 inclusive (the "Class Period") seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under the Exchange Act (the "Class"); and

(2)     Approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class and Payne Mitchell Law Group as Liaison Counsel for the Class.

### INTRODUCTION AND BACKGROUND

Active Power is a Texas company that designs and manufactures critical backup power

systems and continuous infrastructure solutions that allow operations to remain "on" all day and night.  Active Power trades on the NASDAQ under the symbol ACPW.

On September 10, 2013 this action was brought on behalf of purchasers of the common stock seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  That same day, a PSLRA early notice was issued advising potential class members of the action and the deadline for class members to move this Court for appointment of lead plaintiff.[1]  A copy of the PSLRA early notice is attached to the Declaration of R. Dean Gresham filed herewith ("Gresham Decl."), as Exhibit 1.

The Complaint alleges that Active Power issued materially false and misleading statements about its business. On April 30, 2013, Active Power announced that it had entered into a "[n]ew strategic distribution partnership agreement with Digital China Information Service Limited, the largest IT solutions provider in China."  The Company represented that this relationship with Digital China would allow the Company to increase its revenues and profitability, adding that "[w]e have already engaged with Digital China on large data center projects for which we anticipate field product deployment later this year."

On September 5, 2013, after close of trading, the Company retracted its guidance, citing disappointing results in China. The Company attributed this to the fact that "the company's previously announced agreement in China is with Qiyuan Network System Limited, which the company's management discovered is neither an affiliate nor a subsidiary of Digital China Information Service Company Limited."  This adverse news caused the price of Active Power stock to fall, damaging investors.

[1] The notice states the lead plaintiff deadline of November 11, 2013.  However, because November 11, is a federal and court holiday, the lead plaintiff deadline is November 12, 2013.

2

<u>**ARGUMENT**</u>

**I.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Bahadir Onalan satisfies all of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

**A.      Movant is Willing to Serve as Class Representative**

Bahadir Onalan has filed the instant motion and has filed with the Court a certification attesting to his willingness to serve as representative of the class and to provide testimony at deposition and trial, if necessary *See* Gresham Decl., Ex. 2.

### B.     Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  "While the PSLRA does not specify how we should decide which plaintiff has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor.  *See In re Fuwei Films Sec. Litig*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)).

Bahadir Onalan purchased 5,000 shares in Active Power during the class period and has suffered losses of $3,921.80.  *See* Gresham Decl., Ex. 3. Bahadir Onalan believes he has the largest financial interest of any class member that has sought appointment as lead plaintiff in this litigation to date.  Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.     Movant Satisfies the Requirements of
### Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[2] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437; *In re Oxford Health Plans*, *Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the pertinent requirements of Rule 23. His claims share substantially similar questions of law and fact with the members of the class and his claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about Active Power's Chinese contract and related guidance. Movant, as did all of the members of the class, purchased Active Power shares at prices artificially inflated by defendants' misstatements and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Bahadir Onalan and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

**D.    Movant Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses**

The presumption in favor of appointing Bahadir Onalan as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class has been discussed above.  Movant is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the class.  Accordingly, the Court should appoint Bahadir Onalan as Lead Plaintiff for the class.

## II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel and Payne Mitchell Law Group as Liaison Counsel.  The Rosen Law Firm has been actively researching the class plaintiffs' claims - reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants.  Furthermore, both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors.  *See* Gresham Decl., Exs. 4-5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving Movant's selection of The Rosen Law Firm, the members of the class will receive the best legal representation available.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Bahadir Onalan respectfully requests that the Court issue an Order (1) appointing Bahadir Onalan as Lead Plaintiff of the class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and The Payne Mitchell Law Group as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: November 12, 2013          **PAYNE MITCHELL LAW GROUP**

/s/ R. Dean Gresham
R. Dean Gresham, Esq. (*pro hac vice*)
Texas Bar No. 24027215
Andrew L. Payne, Esq.
Texas Bar No. 00791416
2911  Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Tel: (214) 252-1888
Fax: (214) 252-1889
Email: dean@paynemithcell.com
Email: andy@paynemithcell.com

[Proposed] Liaison Counsel for Plaintiffs and Class

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.  (*pro hac vice*)
Laurence M. Rosen, Esq. (*pro hac vice*)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## CERTIFICATE OF SERVICE

I hereby certify that on this on the 12th day of November, 2013, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

R. Dean Gresham