FILED

IN THE UNITED STATES DISTRICT COURT  
FOR THE WESTERN DISTRICT OF TEXAS  
AUSTIN DIVISION

2014 SEP -2  AM 10: 41

CLERK US DISTRICT COURT  
WESTERN DISTRICT OF TEXAS

BY _____  
          DEPUTY

DON LEE, INDIVIDUALLY AND ON BEHALF  
OF ALL OTHERS SIMILARLY SITUATED,  
                    Plaintiff,

-vs-                                                          Case No. A-13-CA-797-SS

ACTIVE POWER, INC., STEPHEN R. FIFE,  
DOUG MILNER,  
                    Defendant.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Active Power, Inc., Stephen R. Fife, and Doug Milner's Motion to Amend Order to Include 28 U.S.C. § 1292(b) Certification [#35], Plaintiffs' Response [#46], and Defendants' Reply [#47]. Having considered the documents, the file as a whole, and the governing law, the Court enters the following opinion and orders DENYING the motion.

### Background

On July 2, 2014, the Court denied Defendants' motion to dismiss Plaintiffs' securities fraud class action under Federal Rule of Civil Procedure 12(b)(6). Order of July 2, 2014 [#33]. The primary issue was whether the plaintiffs had adequately pleaded scienter, and there were two main prongs to the analysis. First, the Court addressed whether the scienter of Huan Wang could be imputed to his employer, Active Power, in order to hold Active Power liable as a corporation. The Court concluded, relying on *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353 (5th Cir. 2004), that since Wang had furnished information for inclusion in the false statements at issue

with scienter and because he was a cause of the making of the misrepresentations, his scienter may be imputed to Active Power. See Order of July 2, 2014 [#33], at 8–9. The Court rejected Defendants' argument that the U.S. Supreme Court's decision in *Janus Capital Grp., Inc. v. First Derivative Traders*, 131 S. Ct. 2296 (2011) narrowed the meaning of *Southland* in such a way that scienter may not be imputed from those who merely furnish false information. See Order of July 2, 2014 [#33], at 9–13.

Second, the Court addressed whether Plaintiffs' allegations supported a strong inference Milner and Fife, who were the CEO and CFO respectively during the relevant time period, acted with scienter. The Court utilized the well-established law of "severe recklessness" and the three-step process for reviewing allegations of scienter. See Order of July 2, 2014 [#33], at 16. After applying the alleged facts to this legal framework, the Court concluded: "In sum, taking Plaintiffs' allegations as true and considering them collectively, the Court balances the competing inferences and ultimately concludes the alleged facts concerning Milner and Fife give rise to a strong inference of scienter sufficient to satisfy Rule 12 and the PSLRA." *Id.* at 16–19.

Two weeks after the Court's denial of the motion to dismiss, Defendants filed the instant Motion to Amend Order to Include 28 U.S.C. § 1292(b) Certification [#35] in which they seek this Court's approval to pursue an interlocutory appeal to the Fifth Circuit. Plaintiffs responded, and Defendants replied, making the motion ripe for the Court's review.

Analysis

I.   **Legal Standard—28 U.S.C. 1292(b)**

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Therefore, Defendants must show there is (a) a controlling question of law, (b) to which there is substantial ground for difference of opinion, and (c) an immediate appeal from the order may materially advance the ultimate termination of the litigation. While the Fifth Circuit has at different points applied broader and stricter standards for §1292(b), the common principles are: (1) "the decision to permit such an appeal is firmly within the district court's discretion;" (2) "§ 1292(b) is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion;" (3) the issue for appeal must involve a question of *law*—not fact;" (4) "the issue for appeal must involve a *controlling* question of law;" (5) "whether an interlocutory appeal will speed up the litigation;" and (6) "there must be substantial ground for difference of opinion over the controlling question of law for certification." *See Ryan v. Flowerserve Corp.*, 444 F. Supp. 2d 718, 722–23 (N.D. Tex. 2006) (analyzing carefully the elements of § 1292(b) in an order denying a

motion to certify an order denying the defendants' motion to dismiss a securities fraud action for interlocutory appeal).

**II.     Application**

Defendants' problem is they cannot pinpoint a question satisfying all of the elements of §1292(b).

**A.     Whether scienter has been pleaded as to all three Defendants**

First, Defendants at various points try to frame the controlling question of law broadly as whether Plaintiffs adequately pleaded scienter. Mot. Amend Order [#35], at 3. This question is problematic for a number of reasons. As an initial matter, it involves more than one question. As described above and below, there are two distinct scienter issues in this case: (1) imputation of Wang's scienter to Active Power for corporate liability; and (2) the scienter of Milner and Fife as individuals. Defendants have tried to lump these two questions into one. Both of these issues present their own problems when considered as "controlling questions of law," and the Court articulates those problems in the subsequent two sections. Leaving aside for now those problems, Defendants, in requesting review of the scienter issue more broadly, essentially are seeking a review of this Court's entire order. Importantly, the Fifth Circuit, in order to dismiss this case as Defendants want, would have to review both of the scienter issues. But "§ 1292(b) is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Flowerserve Corp.*, 444 F. Supp. 2d at 722 (citations omitted). Similarly, if the Court were to certify this broad question encompassing the entire order, then any denial of a motion to dismiss becomes eligible for an interlocutory appeal on the grounds it is a "controlling question of law." The Court rejects this position.

Defendants correctly point out the Fifth Circuit has previously entertained a § 1292(b) appeal on the question of whether a complaint adequately alleged scienter under PSLRA. *See* Mot. Amend Ord. [#35], at 3–4 (citing *Ind. Elec Workers' Pension Trust Fund v. Shaw Grp., Inc.*, 537 F.3d 527, 531 (5th Cir. 2008)). The circumstances of that appeal were quite different from those in this case. In *Shaw Group*, the Supreme Court had just recently issued an opinion setting out the standard for pleading scienter in securities actions in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). The Fifth Circuit had not had an opportunity to determine how *Tellabs* affected its existing standard for scienter. *Shaw Grp.*, 537 F.3d at 532–33. In other words, the Fifth Circuit was addressing the legal standard for scienter to be applied in light of a Supreme Court opinion on this very issue.

In this case, the legal standard for scienter is clear due to cases like *Shaw Group*. Therefore, concerning the question of Milner and Fife's scienter, the legal standard is undisputed. Concerning the question of Active Power's scienter, Defendants believe *Janus* has narrowed the scope of *Southland*, and the Fifth Circuit should have the opportunity to expound on the issue. However, whereas *Tellabs* and *Shaw Group* directly addressed the same legal standard, *Janus* and *Southland* address distinct issues. Defendants contend *Janus*, which defined who "makes" a statement under the securities law, indirectly affects the meaning of *Southland*, which defined from whom scienter may be imputed for the purposes of corporate liability. *See* Order of July 2, 2014 [#33], at 9. But *Janus* was decided almost three years ago, and Defendants have been unable to cite a single court decision finding *Janus* limited *Southland*, or an opinion with the same or similar principle as *Southland*, in the manner Defendants claim. Moreover, the Court cited to a number of cases,

including the only relevant Fifth Circuit case, and explained why these cases support concluding *Southland*'s imputation principles have remained unchanged since *Janus*. *Id.* at 11–12.

In sum, asking the Court to certify for interlocutory review the question of whether scienter was adequately pleaded is akin to asking for review of the entire order, which is not the purpose of § 1292(b). Moreover, the sub-questions underlying this broad inquiry of scienter present their own problems as vehicles for a § 1292(b) appeal, as explained in the next two sections.

**B.      Whether *Janus* affects *Southland*'s imputation principles**

Second, Defendants at various points suggest the controlling question of law is the imputation issue, which relates only to whether scienter has been pleaded for Active Power as a corporation. Indeed, Defendants propose the sole question to be certified for the Fifth Circuit as: "Does *Janus Capital Grp., Inc. v. First Derivative Traders*, 131 S. Ct. 2296 (2011), affect imputation of scienter under *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353 (5th Cir. 2004)?" Mot. Amend Order [#35], at 1. Undoubtedly, this issue is a question of law. Additionally, there does appear to be ground for difference of opinion although the Court does not necessarily agree it is "substantial." Still, the Court agrees a Fifth Circuit opinion might be helpful given *Janus* is a relatively recent Supreme Court opinion possibly altering the meaning of *Southland*. But this question's main deficiency as a § 1292(b) issue is that it is not a "controlling" question of law.

Whether an issue of law is controlling generally hinges upon its potential to have some impact on the course of the litigation. *See Ryan v. Flowerserve Corp.*, 444 F. Supp. 2d at 722–23. "In sum, a *controlling* question of law—although not consistently defined—at the very least means a question of law the resolution of which could materially advance the ultimate termination of the litigation—thereby saving time and expense for the court and the litigants." *Id.* (citing 16 CHARLES

ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3930 at 426 & n.25 (2d ed. 1996 & Supp. 2005) (citing *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000)).

Resolution of the imputation issue alone would be insufficient to reverse this Court's order and dismiss the case. Even if the Fifth Circuit agreed with Defendants that *Southland* has been narrowed by *Janus*, this lawsuit would still go forward against Active Power because the Court held Plaintiffs sufficiently alleged scienter for Milner and Fife. Therefore, as corporate officers who had "made" false statements, their scienter could be imputed to Active Power, keeping Active Power as a live defendant. Therefore, a reversal of this Court's imputation conclusion would not materially advance the ultimate termination of the litigation. *See* 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3930 (3d ed. 2014) ("Rejection of one theory may not be controlling when another theory remains available that may support the same result.").

Defendants point out the Fifth Circuit will not be limited to answering the imputation question, even if it is the only question certified for appeal because "it is the order, not the question, that is appealable." *Castellanos–Contreras v. Decatur Hotel, LLC*, 622 F.3d 393, 398–99 (5th Cir. 2010) (citing *Yamaha Moto Corp. v. Calhoun*, 516 U.S. 199, 205 (1996)). This argument only highlights the fact the imputation question is not a "controlling" one. Defendants, in order to get the dismissal they seek, need the Fifth Circuit to not only find in their favor on the imputation issue, but also address and reverse this Court's entirely independent determination of scienter concerning

Milner and Fife.[1] In other words, Defendants are just seeking a second opinion on this Court's entire order.

Because the question of whether *Janus* affects imputation of scienter under *Southland* is not a controlling question of law, it cannot serve as the basis for a § 1292(b) appeal.

### C. Whether Plaintiffs' allegations support a strong inference Milner and Fife acted with "severe recklessness"

Third, Defendants suggest the controlling question of law to be reviewed by the Fifth Circuit is whether Plaintiffs' allegations support a strong inference Milner and Fife acted with "severe recklessness." This question fails as a certifiable question under § 1292(b) because it is not a question of *law*, but rather a mixed question of law and alleged fact. Defendants do not dispute the legal standard for scienter under the PSLRA is well-established. Based on opinions like *Tellabs* and *Shaw Group*, the Court outlined the legal tests for "severe recklessness" and the three-step process for reviewing allegations of scienter. *See* Order of July 2, 2014 [#33], at 16. The Court reviewed the allegations, drew competing inferences, balanced those inferences, and ultimately concluded

---

[1] The Court does not find the rule established in *Yamaha* applies to the circumstances of this case the way Defendants would suggest. In *Yamaha*, plaintiffs had filed a federal diversity and admiralty action for damages, invoking state law wrongful-death and survival statutes. *Yamaha*, 516 U.S. at 202. The district court agreed with the defendant that the federal maritime wrongful-death action controlled to the exclusion of state law. *Id.* at 203. In its order presenting the matter for immediate interlocutory appeal pursuant to § 1292(b), the district court certified questions of law concerning the recoverability of particular items of damages under federal maritime wrongful-death law. *Id.* The circuit court granted interlocutory review, but the panel did not reach the questions presented. *Id.* at 204. Instead, the panel addressed and resolved an anterior issue it determined was pivotal; it held state remedies remain applicable in accident cases of the type at issue and have not been displaced by the federal maritime wrongful-death action. *Id.* In other words, the court of appeals addressed a separate issue in the order, which made answering the certified question unnecessary. In this case, Defendants want to certify the imputation question for the Fifth Circuit and hope the Fifth Circuit addresses both that issue and the additional issue of Milner and Fife's scienter. This latter issue, though, is not an anterior one which makes deciding the imputation question unnecessary. The Fifth Circuit would have to answer both to dismiss the case. *Yamaha* does not stand for the proposition that a district court should certify an order for appeal because there happens to be a disputed question of law, but where the appellate court would have to address the entire order to change the district court's ultimate decision. Applied to this case, Defendants cannot use the presence of the disputed legal question of imputation as a vehicle to get an interlocutory appeal on the entire motion to dismiss.

the alleged facts concerning Milner and Fife give rise to a strong inference of scienter sufficient to satisfy Rule 12 and the PSLRA. *Id.* at 16–19.[2] The Court is well aware—and not surprised—Defendants disagree with the Court's application of the factual allegations to the law. This dissatisfaction does not, however, turn the issue into a question of law or constitute grounds for an interlocutory appeal.

## Conclusion

Defendants fail to identify a controlling question of law for purposes of a §1292(b) interlocutory appeal. Defendants vacillate in the scope of their proposed question but indicate in their reply the case involves a single question: "Whether Plaintiffs' securities-fraud claims allege scienter in accordance with the heightened pleadings standard of the PSLRA." Reply [#47], at 3. Defendants might as well have phrased the question as: whether Defendants' motion to dismiss for failure to plead scienter should be granted. The Court agrees with Defendants that "[t]his entire securities-fraud action will be dismissed if the Fifth Circuit concludes on de novo review that Plaintiffs have not adequately alleged scienter under the PSLRA." *Id.* at 5. Of course, such a statement is true of any order denying a motion to dismiss. Moreover, this broad question of scienter involves two key underlying questions, neither of which are controlling by themselves and one of which involves mixed questions of alleged fact and law.

The Court determined Plaintiffs adequately pleaded their securities fraud action, and the Court will not delay their lawsuit with an interlocutory appeal because Defendants think the Court

---

[2]Defendants complain the Court "did not address the fact that a Digital China Vice President seemingly provided a quote in the press release, but Digital China's endorsement of the release is inconsistent with an intent to defraud shareholders on the part of Milner or Fife." Mot. Amend Order [#35], at 7. To be clear, the Court included this point in its background section and considered it along with the rest of the allegations when balancing the competing inferences.

got the motion to dismiss wrong or because Defendants think controlling precedent has been indirectly narrowed by a subsequent Supreme Court opinion. The Fifth Circuit can address their contentions at a later, more proper time.

Accordingly,

IT IS ORDERED that Defendants Active Power, Inc., Stephen R. Fife, and Doug Milner's Motion to Amend Order to Include 28 U.S.C. § 1229(b) Certification [#35] is DENIED.

SIGNED this the 29th day of August 2014.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE